UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 7:25-CV-200 |
| 1.148 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; AND MARIA DE LA LUZ RODRIGUEZ, *et al.*, | § § § § § § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f) and identify the counsel and/or parties who participated in the conference.**

a) Pursuant to Rule 26(f) of the Federal Rule of Civil Procedure, Ancy Thomas, Assistant United States Attorney, on behalf of Plaintiff, United States of America ("Plaintiff"), successfully conferred with the **following Defendants** out of a total of (24) Defendants[1] in this case, via telephone and/or email on June 17 and June 27, 2025. These Defendants have waived service:

   1. Maria de la Luz Rodriguez claims superior title over the subject property. She agrees with the estimated just compensation provided by Plaintiff on Schedule F of the Complaint (Dkt. No. 2-1).

   2. Celinda S. Salinas does not claim superior title over the subject property. She agrees with the estimated just compensation provided by Plaintiff on Schedule F of the Complaint (Dkt. No. 2-1).

   3. Noe Sandoval does not claim superior title over the subject property. He believes that the estimated just compensation provided by Plaintiff on Schedule F of the Complaint (Dkt. No. 2-1) should be higher, without providing any further specification.

   4. Rebecca Sepulveda does not claim superior title over the subject property. She agrees with the estimated just compensation provided by Plaintiff on Schedule F of the Complaint (Dkt. No. 2-1).

---

[1] Per Orders entered by the Court, the following Defendant has been dismissed without prejudice: Julissa E Garcia (Dkt. No. 23)

5. San Juanita Sepulveda does not claim superior title over the subject property. She believes the estimated just compensation provided by Plaintiff on Schedule F of the Complaint (Dkt. No. 2-1) should be higher.

6. Sylvia S. Ramos does not claim superior title over the subject property. She agrees with the estimated just compensation provided by Plaintiff on Schedule F of the Complaint (Dkt. No. 2-1).

7. Attorney Douglas Steven Bird from Linebarger Law Firm represents the following Defendants and Claimants (**collectively "the Taxing Authorities"**) and contends that they all have an interest in the subject property:

   - Defendant, Rio Grande City Consolidated Independent School District
   - Defendant, South Texas College
   - Defendant, Starr County, Texas
   - Defendant, Ameida Salinas, Starr County Tax Assessor – Collector
   - Claimant, Starr County Farm Road
   - Claimant, Starr County Drainage District
   - Claimant, Rio Grande Grulla Independent School District
   - Claimant, Starr County Hospital District

**Plaintiff requests that before the commencement of discovery in this action regarding the issue of just compensation, the Court schedule a title hearing, with a briefing schedule for the parties, ninety (90) days from the completion of service for all Defendants. Plaintiff anticipates that service will be completed via personal service and/or publication within ninety (90) days of the Initial Pretrial Conference scheduled for July 8, 2025.**

b) The following defendants have not provided a Waiver of Service or filed a Disclaimer as of the date of this filing. As such, Plaintiff is in the process of serving the following Defendants by personal service, to the extent we have an address on file for them. Additionally, Plaintiff will also serve the following Defendants by publication in accordance with FRCP 71.1(d)(3)(B). Plaintiff cannot confirm whether the following Defendants will participate in discovery in this action.

   1. Reynaldo Sepulveda
   2. Roberto O. Cuellar
   3. Marinela F. Reyes
   4. David F. Reyes, Jr.
   5. Maria E. Bazan
   6. Unknown Heirs/Devisees of Leonarda Riojas aka Leonarda Riojas Sepulveda
   7. Unknown heirs/devisees of Concepcion Maldonado
   8. Unknown heirs/devisees of Leonel Maldonado, Sr.
   9. Unknown heirs/devisees of Reynaldo Maldonado
   10. Unknown heirs/devisees of Paula Abergo

2.  **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

    None at this time.

3.  **Briefly describe what this case is about.**

    This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property, and for the determination and award of just compensation to the owners and parties in interest, in accordance with 40 U.S.C. 3113 and 3114, which Plaintiff contends authorizes the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 USC 1103(b) & note; and the Act of Congress approved on December 27, 2020, as Public Law 116-260, div. F, tit. II, 134 Stat. 1452 ("Consolidated Appropriations Act of 2021") appropriated the funds that shall be used for this taking.

4.  **Specify the allegation of federal jurisdiction.**

    Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

5.  **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

    Plaintiff does not know the position of Defendants identified above in §1(a)-(b) as to this question.

6.  **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

    None at this time.

    Plaintiff does not know the position as to this question of Defendants identified above in §1(a)-(b).

7.  **List anticipated interventions.**

    None at this time.

    Plaintiff does not know the position as to this question of Defendants identified above in §1(a)-(b).

8. **Describe any class-action issues.**

   None.

9. **State whether each party represents that is had made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   Plaintiff will submit initial disclosures within 30 days after service is completed on all Defendants.

   Plaintiff does not know the position as to this question of Defendants identified above in §1(a)-(b).

10. **Describe the discovery plan proposed by the parties, including:**

    A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**

       None, other than as provided in response to question 9 above.

    B. **When and to whom the plaintiff anticipates it may send interrogatories?**

       Upon the Court's determination of title ownership in this case and should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, Plaintiff anticipates sending interrogatories to the Landowner Defendants after the entry of this Court's Scheduling Order.

    C. **When and to whom the defendant anticipates it may send interrogatories?**

       Plaintiff does not know the position as to this question of Defendants identified above in §1(a)-(b).

    D. **Of whom and by when the plaintiff anticipates taking oral depositions?**

       Upon the Court's determination of title ownership in this case and should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, Plaintiff anticipates taking oral depositions of the fact witnesses and other relevant witnesses of the Landowner Defendant(s) prior to the end of the discovery period, assuming no delays in written discovery and subpoenas, if any.

    E. **Of whom and by when the defendant anticipates taking oral depositions?**

       Plaintiff does not know the position as to this question of Defendants identified above in §1(a)-(b).

    F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

Defendants have the burden of proof regarding the issue of just compensation in this action. Upon the Court's determination of title ownership in this case and should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, Plaintiff would agree, subject to the Court's approval, to designate experts within 180 days of the scheduling order in this case. Plaintiff requests that the Court set an additional deadline in its Scheduling Order for rebuttal experts.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Defendants have the burden of proof regarding the issue of just compensation in this action. Plaintiff does not know the position as to this question of Defendants identified above in §1(a)-(b).

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Defendants have the burden of proof regarding the issue of just compensation in this action. Upon the Court's determination of title ownership in this case and should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, Plaintiff anticipates deposing any experts designated by the Landowner Defendants by the end of the discovery period as set out by the Court in its Scheduling Order.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff agrees to all parts of the discovery plan.

Plaintiff does not know the position as to this question of Defendants identified above in §1(a)-(b).

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has yet been undertaken.

13. **State the date the planned discovery can reasonably be completed.**

Upon the Court's determination of title ownership, Plaintiff anticipates that discovery can be reasonably completed within nine (9) months after the entry of the Court's Scheduling Order.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have been unable to resolve the case; however, the parties will continue to explore options for settling the matter during the discovery period.

**Plaintiff requests that before the commencement of discovery in this action regarding the issue of just compensation, the Court schedule a title hearing, with a briefing schedule for the parties, ninety (90) days from the completion of service for all Defendants. Plaintiff anticipates that service will be completed via personal service and/or publication within ninety (90) days of the Initial Pretrial Conference scheduled for July 8, 2025.**

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    On or about March 2024, the United States Army Corps of Engineers ("USACE"), on behalf of Customs and Border Protection ("CBP"), mailed a value letter and offer to sell ("OTS") to then known Defendants to their last known addresses for consideration of negotiating tract RGV-RGC-6008 (hereafter "Subject Tract"), in support of the Border Infrastructure Project. From March to June 2024, USACE attempted contact with the then known landowners via in person meetings, phone calls, and additional letters. Negotiations were unsuccessful and USACE referred this matter to the U.S. Attorney's Office due to their inability to obtain a direct sale of the subject property.

    From July 2024 to March 2025, the undersigned Assistant United States Attorney reviewed the title report and title documents, and pre-condemnation appraisal associated with the Subject Tract. It became clear through additional research that tract RGV-RGC-6084 was related and should be combined with RGV-RGC-6008. The undersigned recommended condemnation to clear title. Due to the immediate need to move forward with construction in the Subject Tract, on April 29, 2025, the U.S. Attorney's Office initiated a land condemnation proceeding.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    Plaintiff is amenable to formal and informal dispute resolution alternatives. Formal dispute resolution would be effective at the end of the discovery period.

    Plaintiff does not know the position as to this question of Defendants identified above in §1(a)-(b).

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Plaintiff does not agree to this case being tried before a magistrate judge.

    Plaintiff does not know the position as to this question of Defendants identified above in §1(a)-(b).

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff makes no demand for jury trial.

    Plaintiff does not know the position as to this question of Defendants identified above in

§1(a)-(b).

19. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiff anticipates that it will take no more than 12 hours to try this case.

    Plaintiff does not know the position as to this question of Defendants identified above in §1(a)-(b).

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Plaintiff filed an opposed motion for possession on May 15, 2025, which is currently pending before the Court (Dkt. No. 8)

21. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    Subject Tract presents title issues that will need to be resolved prior to a hearing on just compensation. Accordingly, Plaintiff requests the Court schedule a title hearing, with a briefing schedule for the parties, 90 days from the completion of service on all Defendants. Plaintiff anticipates that service will be completed via personal service and/or publication within ninety (90) days of the Initial Pretrial Conference scheduled for July 8, 2025.

    It is possible that rebuttal experts may be needed in this matter. Upon the Court's determination of title ownership in this case and should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, Plaintiff requests that the Court set a rebuttal expert deadline for forty-five (45) days after the date of the expert report exchange between the parties.

22. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    COUNSEL FOR PLAINTIFF:

    **ANCY THOMAS**
    Assistant United States Attorney
    Southern District of Texas No.: 3869396
    New York Bar No.: 5449871
    1701 W. Bus. Highway 83, Suite 600
    McAllen, TX 78501
    Telephone: (956) 992-9380
    Facsimile: (956) 618-8016
    E-mail: ancy.thomas@usdoj.gov
    Attorney-in-Charge for Plaintiff

COUNSEL FOR DEFENDANTS:

**DOUGLAS STEVEN BIRD**
Linebarger Law Firm
P.O. Box 17428
Austin, TX 78760
Tel: 512-447-6675
Email: steve.bird@lgbs.com
Attorney for Defendants, Rio Grande
City Consolidated Independent School District;
South Texas College; Starr County, Texas;
Ameida Salinas, Starr County Tax Assessor – Collector
and Attorney for Claimants, Starr County Farm Road;
Starr County Drainage District; Rio Grande Grulla Independent School
District; Starr County Hospital District
(**collectively "the Taxing Authorities"**)

Respectfully submitted,

**NICHOLAS J. GANJEI**
United States Attorney
Southern District of Texas

By:   **/s/ Ancy Thomas**
      **ANCY THOMAS**
      Assistant United States Attorney
      Southern District of Texas No.: 3869396
      New York Bar No.: 5449871
      1701 W. Bus. Highway 83, Suite 600
      McAllen, TX 78501
      Telephone: (956) 992-9380
      Facsimile: (956) 618-8016
      E-mail: ancy.thomas@usdoj.gov
      Attorney-in-Charge for Plaintiff

By:   **/s/ Douglas Steven Bird**
      **DOUGLAS STEVEN BIRD**
      Linebarger Law Firm
      P.O. Box 17428
      Austin, TX 78760
      Tel: 512-447-6675
      Email: steve.bird@lgbs.com
      Attorney for Defendants, Rio Grande
      City Consolidated Independent School
      District; South Texas College; Starr
      County, Texas; Ameida Salinas, Starr

County Tax Assessor – Collector
and Attorney for Claimants, Starr County
Farm Road; Starr County Drainage
District; Rio Grande Grulla Independent
School District; Starr County Hospital
District (**collectively "the Taxing Authorities"**)

## CERTIFICATE OF SERVICE

I, Ancy Thomas, Assistant United States Attorney for the Southern District of Texas, do hereby certify that between June 30 to July 3, 2025, a copy of the foregoing was served on all parties with a known address via regular mail in accordance with the Federal Rules of Civil Procedure.

By:   */s/ Ancy Thomas*
**ANCY THOMAS**
Assistant United States Attorney