Case 7:25-cv-00200   Document 26   Filed on 06/30/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § *Plaintiff,* § § v. § § 1.148 ACRES OF LAND, MORE OR LESS, § SITUATE IN STARR COUNTY, STATE OF § TEXAS; AND MARIA DE LA LUZ § RODRIGUEZ, *et al.* § § *Defendants.* § | CASE NO. 7:25-cv-200 |

## ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER OF IMMEDIATE POSSESSION

Now before the Court is Plaintiff, United States of America's Motion for Order of Immediate Possession (Dkt. No. 8). On April 29, 2025, Plaintiff filed its Complaint seeking condemnation (taking) of Defendants' estate in fee simple in acres of land identified as Tract Nos. RGV-RGC-6008 and 6084 in Starr County, Texas, and a Declaration of Taking of said property in accordance with the Declaration of Taking Act, 40 U.S.C. § 3114. (Dkt. Nos. 1, 2).

Through its Motion, Plaintiff now seeks surrender from Defendants of the estate, more particularly described as:

> The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals;
>
> Reserving to the owners of the lands identified in Deed of Conveyance recorded in Volume 174, Page 299, Deed Records of Starr County, Texas and Warranty Deed recorded in Volume 203, Page 479, Deed Records of Starr County, Texas, reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border

    barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on the map in Schedule E;

        Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.

(Dkt. No. 2-1 at 21-22). Plaintiff, however, does not seek the surrender of the gate access reserved to certain landowners and more fully described within the Declaration of Taking. (Dkt. No. 2-1 at 21-22). On May 12, 2025, Plaintiff deposited in the registry of this Court, the sum of $25,636.00 as the estimated just compensation for the taking. (Dkt. No. 7). Plaintiff asserts that the actions taken in this case have given it title to, and the right to immediate possession of the subject property. After reviewing the motion and the arguments presented, the Court hereby **ORDERS** that Plaintiff's Motion for Order of Immediate Possession (Dkt. No. 8) is **GRANTED**.

Accordingly, the Court finds Plaintiff complied with the Declaration of Taking Act, 40 U.S.C. § 3114. Thus, this Court **ORDERS** that Defendants to the above-referenced action and all persons who own or claim ownership, possession and/or control of the property described in the Complaint (Dkt. No. 1) herein, shall surrender possession of said property, to the extent of the estate being condemned, to Plaintiff immediately. The Court reserves Defendants' right to litigate any questions concerning title and/or the amount of just compensation to be paid at a later date.

It is further **ORDERED** that a notice of this order shall be served on all persons in possession or control of the said property forthwith.

    SO ORDERED this 30th day of June, 2025, at McAllen, Texas.

                                                         _____
                                                         **RANDY CRANE**
                                                         United States Chief Judge